IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

JOE RUDY PORTER                                                                                   PLAINTIFF

v.                                   Civil No. 4:23-cv-04049

CODY BELLAMY;
DETECTIVE DAKOTA EASLEY;
LIEUTENANT ED CHATTAWAY                                                                  DEFENDANTS

**ORDER**

Before the Court is the Report and Recommendation filed June 1, 2023, by the Honorable Mark E. Ford, United States Magistrate Judge for the Western District of Arkansas. (ECF No. 10). Plaintiff has timely filed objections to the Report and Recommendation. (ECF No. 10). The Court finds the matter ripe for consideration.

**I.   BACKGROUND**

On April 28, 2023, Plaintiff filed his original Complaint. (ECF No. 1). In his Complaint, Plaintiff asserts four claims relating to his October 7, 2022 arrest at Super Valu Foods in Texarkana, Arkansas. Plaintiff alleges that on September 7, 2022, Defendant Cody Bellamy accused him of shop lifting. (ECF No. 1, at 4). Plaintiff claims that Defendant Detective Dakota Easley tampered with the evidence. (ECF No. 1, at 5). Plaintiff claims that Defendant Ed Chattaway "signed an Affidavit stating that he was the person that did the copying and making of the Electronic Surveillance Tapes, therefore, he destroyed evidence that could have prevented [Plaintiff] from the hardships of False Imprisonment." (ECF No. 1, at 5). Plaintiff alleges that Easley provided false reports and never investigated the charges against Plaintiff. (ECF No. 1, at 5). Plaintiff claims that Chattaway doctored the Super Valu Foods' surveillance tapes in order to justify why the date and time stamps were incorrect. (ECF No. 1, at 5). Plaintiff claims that Easley showed total disregard for the fairness and impartiality that his position requires and that he assisted in sending an innocent black man to prison without affording Plaintiff the equal protections of law. (ECF No. 1, at 10). Finally, Plaintiff

alleges that Easley showed biasness when he failed to investigate the matter because the alleged suspect was a black male in a predominantly black neighborhood. (ECF No. 1, at 10).

Plaintiff's claims are against Defendants in their individual and official capacities. Plaintiff brings a Fifth and Eighth Amendment unlawful tampering with evidence claim against all Defendants in both their individual and official capacities (Claim 1). Plaintiff brings a Fourth Amendment unlawful imprisonment claim against all Defendants in both their individual and official capacities (Claim 2). Plaintiff brings a Fourth Amendment false report claim against all Defendants in both their individual and official capacities (Claim 3). Plaintiff brings an Eighth and Fourteenth Amendment Equal Protection claim against Defendants Bellamy and Easley in both their individual and official capacities (Claim 4).

On June 1, 2023, Judge Ford issued his Report and Recommendation. (ECF No. 10). In the Report and Recommendation, Judge Ford finds the allegations in Plaintiff's Complaint insufficient to support a plausible cause of action for any of the four official capacity claims. (ECF 10, at 8). Judge Ford finds the allegations insufficient to support an Equal Protection violation of the Eighth and Fourteenth Amendments. (ECF No. 10, at 9). Judge Ford did, however, find sufficient facts that would allow Plaintiff's Claim 1, Claim 2, and Claim 3, regarding the tampering of evidence and the making of false reports, to proceed against Defendants in their individual capacities. (ECF No. 10, at 9).

On June 12, 2023, Plaintiff filed an Objection to Judge Ford's Report and Recommendation. (ECF No. 13). Plaintiff objects to Judge Ford's finding that Plaintiff "failed to state an Official Capacity claim against Defendants Dakota Easley and Lt. Ed Chattaway." (ECF No. 13, at 1). Plaintiff again argues that Easley acted in his official capacity when he omitted statements and requests made by Plaintiff during interviews. (ECF No. 13, at 2). He claims that Chattaway acted within his official capacity when he signed an affidavit acknowledging he oversaw production of video surveillance. (ECF No. 13, at 2). Plaintiff then states that Easley and Chattaway acted in their

2

official capacities when they assisted with the tampering of evidence against Plaintiff. (ECF No. 13, at 3). Plaintiff provides no specific objection to Judge Ford's findings on the Eighth and Fourteenth Amendment claim. (ECF No. 13, at 3).

## II.  STANDARD OF REVIEW

Plaintiff has timely filed an objection to Judge Ford's Report and Recommendation. When reviewing a magistrate judge's Report and Recommendation, "the specific standard of review depends, in the first instance, upon whether or not a party has objected to portions of the report and recommendation." *Anderson v. Evangelical Lutheran Good Samaritan Soc'y*, 308 F. Supp. 3d 1011, 1015 (N.D. Iowa 2018). Generally, "objections must be timely and specific" to trigger *de novo* review. *Thompson v. Nix*, 897 F.2d 356, 358-59 (8th Cir. 1990). The Court must apply a liberal construction when determining whether *pro se* objections are specific. *Hudson v. Gammon*, 46 F.3d 785, 786 (8th Cir. 1990). A "clearly erroneous" standard of review applies to the portions of a magistrate judge's report and recommendation to which no objections have been made. *See Grinder v. Gammon*, 73 F.3d 793, 795 (8th Cir. 1996); *see also* Fed. R. Civ. P. 72 advisory committee's note, subd. (b) (instructing a reviewing court to "satisfy itself that there is no clear error on the face of the record"). Giving Plaintiff's timely objections a liberal construction, the Court finds only the official capacity claims warrant a *de novo* review. The Court will review Plaintiff's individual capacity claims for clear error only.

## III.  DISCUSSION

Upon review of the case and for the reasons stated below, the Court reaches the same conclusion as Judge Ford: Claim 1, Claim 2, and Claim 3 should proceed against Defendants in the individual capacity only; and Claim 4 should be dismissed against Defendants in both the official and individual capacity.

### A.  Official Capacity

Judge Ford finds that Plaintiff fails to state an official capacity claim on Claim 1, Claim 2, Claim 3, and Claim 4. The Court agrees. Official capacity claims are "functionally equivalent to a suit against the employing governmental entity." *Veatch v. Bartels Lutheran Home*, 627 F.3d 1254, 1257 (8th Cir. 2010). "Claims against individuals in their official capacities are equivalent to claims against the entity for which they work; they require proof that a policy or custom of the entity violated the plaintiff's rights, and the only type of immunity available is one belonging to the entity itself." *Gorman v. Bartch*, 152 F.3d 907, 914 (8th Cir. 1998) (internal citations omitted). Accordingly, Plaintiff's official capacity claims are treated as claims against the City of Texarkana. *See Murray v. Lene*, 595 F.3d 868, 873 (8th Cir. 2010). To establish a municipal defendant's liability under Section 1983, a "plaintiff must show that a constitutional violation was committed pursuant to an official custom, policy, or practice of the governmental entity." *Moyle v. Anderson*, 571 F.3d 814, 817 (8th Cir. 2009) (citation omitted).

The Court agrees that Plaintiff's Complaint does not point to a constitutional violation that was committed by Defendants pursuant to an official custom, policy, or practice of the City of Texarkana. In his Objection to the Report and Recommendation, Plaintiff points to actions taken by Defendants, such as the fact Defendants went against their training, omitted statements made by Plaintiff, and tampered with evidence. However, he fails to point to a custom, policy, or practice of the City of Texarkana and only repeats what he said in the complaint regarding his official capacity claims. Accordingly, Plaintiff's official capacity claims in Claim 1, Claim 2, Claim 3, and Claim 4 fail as matter of law.

### B. Individual Capacity

Plaintiff's objections to the Equal Protection claim are not specific enough to trigger *de novo* review, and a clear-error standard of review therefore applies. Judge Ford finds that Plaintiff fails to state an individual capacity claim in Claim 4. The Court agrees. Judge Ford finds that Plaintiff fails to provide sufficient facts in his Complaint to state a viable Eighth and Fourteenth claim against

4

Defendants Bellamy and Easley because he does not provide facts showing that a similarly situated person received different treatment. Plaintiff provides no additional facts in his objection that would challenge this finding. Being well and sufficiently advised, and finding no clear error on the face of the record, the Court adopts this portion of Judge Ford's Report and Recommendation *in toto*.

## IV.  CONCLUSION

For the reasons set forth above, the Court finds that Plaintiff has offered neither fact nor law which justifies the Court departing from the Report and Recommendation. Accordingly, the Court overrules Plaintiff's objections and hereby **ADOPTS** the Report and Recommendation (ECF No. 10). Plaintiff's Claim 1, Claim 2, Claim 3, and Claim 4 against Defendants in their official capacities are **DISMISSED WITHOUT PREJUDICE** for failure to state a claim under 28 U.S.C. § 1915A(b)(1). Plaintiff's Claim 4 against all Defendants in their individual capacities is **DISMISSED WITHOUT PREJUDICE** for failure to state a claim under 28 U.S.C. § 1915(b)(1). Plaintiff's Claim 1, Claim 2, and Claim 3 may proceed against Defendant Bellamy, Defendant Easley, and Defendant Chattaway in their individual capacities only.

**IT IS SO ORDERED**, this 18th day of July, 2023.

/s/ Susan O. Hickey
Susan O. Hickey
Chief United States District Judge